UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INSITUFORM TECHNOLOGIES, LLC,

                         Plaintiff,                                   DECISION AND ORDER

vs.
                                                                      19-CV-6873 (CJS)

LIBERTY MUTUAL INSURANCE COMPANY and
EXCELSIOR INSURANCE COMPANY,

                         Defendants.

---

Plaintiff Insituform Technologies, LLC ("Insituform") filed this action against Defendants Liberty Mutual Insurance Company ("Liberty Mutual") and Excelsior Insurance Company ("Excelsior") (collectively "Defendants") for declaratory judgment, breach of contract, and breach of implied duty of good faith and fair dealing. The matter is presently before the Court on Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction, and to Rule 12(b)(6) for failure to state a claim. Mot. to Dismiss, Jul. 6, 2020, ECF No. 25.

For the reasons stated below, Defendants' motion to dismiss [ECF No. 25] is denied with respect to Insituform's demand for declaratory judgment and claim for breach of contract. Defendant's motion to dismiss [ECF No. 25] is granted with respect to Insituform's claim for breach of implied duty of good faith and fair dealing, and Insituform's claim for bad faith. Defendants are directed to respond to Insituform's remaining claims within 30 days of the date of this order.

## BACKGROUND

The Court has drawn the following background from Insituform's first amended complaint. First Am. Compl. ("FAC"), June 10, 2020, ECF No. 21. The factual allegations contained in the complaint have been accepted as true, and all reasonable inferences drawn in Insituform's favor. *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 26 (2d Cir. 2019).

In early October 2016, Insituform entered into a contract with National Water Main Cleaning Company ("NWMCC") to lead a sewer system rehabilitation project in the Village of Kenmore, State of New York. FAC at ¶ 28. In December 2016, Insituform subcontracted with CMH Company, Inc. ("CMH") for repairs to approximately fifteen feet of sewer line on or adjacent to the premises at 657 Colvin Avenue in Kenmore, including excavation and restoration of the land above it. FAC at ¶ 29–31.

The indemnity clause in the subcontract between CMH and Insituform read, in pertinent part:

> To the fullest extent permitted by law, Subcontractor [i.e., CMH] shall indemnify, defend (at Subcontractor's sole expense) and hold harmless Contractor [i.e., Insituform], the Owner, affiliated companies of Contractor, their parents, joint ventures, representatives, members, designees, officers, directors, shareholders, employees, agents, successors and assigns (Indemnified Parties), from and against any and all claims for bodily injury, death or damage to property, demands, damages, actions, causes of action, suits, losses, judgments, obligations and any liabilities, costs and expenses (including but not limited to investigative and repair costs, attorney's fees and costs and consultant fees and costs) (Claims) which arise or are in any way connected with the Work performed, Materials furnished, or Services provided under

this Agreement by Subcontractor or its agents. These indemnity and defense obligations shall further apply, whether active of passive. Said Indemnity and defense obligations shall apply to any acts or omissions, negligent or willful misconduct of Subcontractor, its employees or agents, whether or not said claims arise out of the concurrent act, omission or negligence of the Indemnified Parties, whether active or passive. Subcontractor shall not be obligated to indemnify and defend Contractor or Owner for claims found to be due to the sole negligence or willful misconduct of Indemnified Parties.

FAC (Ex. B), § 6.1, June 10, 2020, ECF No. 21-1. In addition, the subcontract required CMH to procure and maintain in force a multitude of insurance coverages, and to name Insituform as an additional insured on a primary and non-contributory basis. FAC (Ex. B) at § 7.1.1.

Consistent with the contract, CMH added Insituform as an "additional insured" on several policies that it held with Defendants, insurers Liberty Mutual and Excelsior. Insituform alleges that these policies were in full force and effect for the policy period 5/1/2016 to 5/1/2017. FAC at ¶ 34. The "Additional Insured" endorsement to CMH's Commercial General Liability coverage amended CMS's policy to include as an insured any person or organization whom Insituform agreed to add as an additional insured in a written contract, with the following limitations:

Such person or organization is an additional insured but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured that are the subject of the written contract or written agreement provided that the "bodily injury" or "property damage" occurs, or the "personal and advertising injury" is committed, subsequent to the signing of such written contract or written agreement.

A person's or organization's status as an additional insured under this endorsement ends when:

> a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

> b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project[.]

Mot. to Dismiss (Ex. Policy – part 1) at 0041.[1] *See also* FAC at ¶ 36.

In May 2018, an individual named Kelly Lynch ("Lynch") commenced a personal injury action in New York state court against, *inter alia*, the Village of Kenmore and NWMCC (the "Lynch action"). FAC at ¶ 11. The lawsuit alleged that "on or about February 20, 2017, while lawfully on the premises located at or about 657 Colvin Avenue, Village of Kenmore, New York . . . Lynch was allegedly caused to fall and sustain personal injuries" as a result of the negligence of the defendants in that action. FAC at ¶ 24–25. By August of 2019, through a series of amended complaints and additional filings, Lynch had also commenced personal injury actions against Insituform and CMH, as well. FAC at ¶ 20.

---

[1] Insituform incorporates this policy by reference in its first amended complaint, but the full text of the policy copied here has been drawn from the actual policy documents submitted by Defendants. *See* FAC at ¶ 34–37; Mot. to Dismiss (Ex. Policy – part 1), 0041, Jul. 6, 2020, ECF No. 25-17.

4

Additionally, NWMCC commenced a third-party action against Insituform in September 2018 (the "Third-party action"), and Insituform commenced a fourth-party action against CMH in January 2019 (the "Fourth-party action"). FAC at ¶ 15–17, 26–27. Both actions alleged that the respective third-party and fourth-party defendants failed to properly maintain 657 Colvin Avenue in a reasonably safe condition, or inspect the premises, or created a hazardous condition at the premises. *Id*.

Insituform first received notice of the Lynch action in late May 2018, and placed CMH and Defendants on notice of the claims by a letter dated July 23, 2018. FAC at ¶ 39. Upon receipt of the Third-party action against it by NWMCC, Insituform tendered its defense to CMH and Defendants on October 15, 2018. FAC at ¶ 40. Insituform alleges that it has tendered its defense to Defendants no less than twenty-five separate times since its first tender, but that Defendants have avoided and ignored the tender. FAC at ¶ 43–45. Although Defendants have continued to defend CMH in the Lynch action and the Fourth-party action by Insituform, Defendants have refused to defend Insituform. FAC at ¶ 46–47. Consequently, Insituform was forced to retain its own counsel to defend its interests in the Lynch action and the Third-party action by NWMCC, and to seek relief in the present action. FAC at ¶ 48.

Insituform filed the present action on November 26, 2019, alleging that Defendants failed to honor their contractual obligations to defend and indemnify Insituform as an additional insured in connection with the Lynch action and the

5

Third-party action. *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-CV-6873 (CJS), 2020 WL 8084271, at *2 (W.D.N.Y. May 21, 2020). The summons for Insituform's complaint was served on December 5, 2019, but Defendants failed to answer. *Id.* On January 14, 2020, Insituform requested a Clerk's Entry of Default, which was entered two days later. *Id.* Defendants entered a notice of appearance the day after default was entered, and they filed a motion to vacate the Clerk's Entry of Default the following week. *Id.* On May 21, 2020, the Court granted Defendants' motion and directed the Clerk of Court to vacate the Entry of Default. *Id.* at *1. The Court also ordered Defendants to answer Insituform's complaint within 30 days. *Id.*

On June 10, 2020, Insituform filed its FAC. On July 6, 2020, Defendants filed the motion to dismiss that is presently before the Court. Defendants move to dismiss on the ground that the Court lacks jurisdiction to consider Insituform's complaint, and on the ground that Insituform fails to state a claim. Mem. in Supp., 10–25, Jul. 6, 2020, ECF No. 25-18. Additionally, Defendants argue that Insituform's amended complaint should be dismissed because it is not proper under Rule 15(a). *Id.* at 10.

## INSITUFORM'S AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "as a matter of course" within 21 days after serving it, or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). Once the time to amend as of right expires, Rule 15(a)(2) allows a plaintiff to amend the

complaint by consent of the parties or with leave of the court, and states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants maintain that Insituform's June 2020 amendment of its complaint was improper. Mem. in Supp. at 10. Defendants note that more than 21 days had elapsed since Insituform served its original complaint, but that Defendants had not yet filed a responsive pleading or a motion pursuant to Rule 12. *Id.* Therefore, Defendants argue that, at the time it filed its amended complaint, Insituform was not entitled to amend as a matter of right under Rule 15(a)(1), and did not have either the consent of the parties or the leave of the Court under Rule 15(a)(2). *Id.* The Court disagrees with Defendants' interpretation of Rule 15(a)(1).

As Insituform points out, this precise issue was taken up by the Northern District of New York in the case of *Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 359 (N.D.N.Y. 2020). In *Doe #1*, the Northern District explained that although the Second Circuit has not yet weighed in on the issue, the First and Seventh Circuits had ruled that, under Rule 15(a)(1)(A) and (B), a plaintiff a "retain[s] the right to amend his complaint as a matter of course even though more than 21 days had passed since it was served and no answer or responsive pleading had yet been filed." *Doe #1*, 335 F.R.D. at 359 (discussing *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015); *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015)). The Court

agrees with the reasoning of the First Circuit and Seventh Circuit[2] that in matters requiring a responsive pleading, Rule 15(a)(1)(A)–(B) does not create a "time gap" following service of the complaint, but before the filing of the responsive pleading or motion under Rule 12, during which a party cannot amend its complaint once as a matter of right. Thus, in this case, when Insituform amended its complaint for the first time on June 10, 2020, it did so as a matter of right, and with no requirement that it obtain Defendants' consent or leave of the Court.

## SUBJECT MATTER JURISDICTION

The Court turns next to Defendants' claim that Insituform's complaint should be dismissed because the Court lacks subject matter jurisdiction to hear the claims. In its amended complaint, Insituform cites two statutory provisions that give the

---

[2] The *Doe #1* court explained:

> [T]he First and Seventh Circuits, agree . . . that no time gap exists. *See* [*U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015)] (stating that "[n]othing else in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or a response motion"); *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (holding that the district court erred in dismissing a case because the plaintiff had retained the right to amend his complaint as a matter of course even though more than 21 days had passed since it was served and no answer or responsive pleading had yet been filed) . . . . As the First Circuit reasoned in *D'Agostino*, the advisory committee's notes suggest that the "2009 revisions did not purpose to alter the time at which a plaintiff can first amend as a matter of course." 802 F.3d at 193. Rather, their "focus on the time at which the right to amend terminates and its concomitant silence concerning changes to when such an amendment may first be made makes abundantly clear that ... the word 'within' merely specifies the point at which the right expires." *Id.*

*Doe #1*, 335 F.R.D. at 359.

Court jurisdiction in this matter: 28 U.S.C. § 1332 and 28 U.S.C. § 2201.  FAC at ¶ 3–4.  However, the mere fact that Insituform's complaint seeks a declaratory judgment under 28 U.S.C. § 2201 does not itself create subject matter jurisdiction. *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950).  Hence, the critical inquiry is whether Insituform's amended complaint is sufficient to invoke the Court's subject matter jurisdiction under § 1332.  The Court finds that it is sufficient.

28 U.S.C. § 1332(a) gives federal district courts subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." Insituform, a Delaware limited liability company with its principal place of business in Missouri, has adequately pled diversity of citizenship with Liberty Mutual, a Massachusetts insurance company licensed to do business in New York, and Excelsior Insurance, a New Hampshire insurance company also licensed to do business in New York. FAC at ¶ 6–9. The Court therefore must determine whether Insituform has carried the additional burden of showing that an amount greater than $75,000 is at issue here. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

"The amount in controversy is determined at the time the action is commenced." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc.*, 14 F.3d at 784). Generally speaking, any amount pled on the face of the complaint is presumptively treated as "a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation and internal quotation marks omitted). The Second Circuit has set a high bar to overcome this presumption: the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id.* That is, "the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999)).

The Second Circuit's application of these principles to a case in which the parties' circumstances changed following the filing of the complaint is instructive:

> In *Chase Manhattan Bank*, the plaintiff bank invoked diversity jurisdiction to enforce a mortgage guaranty, alleging that $4 million in improvements would be required post-foreclosure. Shortly after suit was filed, the bank foreclosed and sold the property unimproved. The district court dismissed for lack of jurisdiction on the ground that the remaining amount in controversy fell short of the amount required to support diversity jurisdiction. We reinstated the complaint on the ground that it alleged in good faith a sufficient amount in controversy notwithstanding

subsequent events that made recovery of that amount legally impossible. *Chase Manhattan Bank*, 93 F.3d at 1070–71. The district court had "confused the jurisdictional inquiry with the ultimate issue of recovery." *Chase Manhattan Bank*, 93 F.3d at 1071.

*Wolde-Meskel*, 166 F.3d at 62–63.

Insituform's amended complaint in the present case alleges damages aggregating over $75,000 for breach of contract, breach of the implied duty of good faith and fair dealing, and bad faith claims. Specifically, Insituform alleges that it "has suffered and will continue to suffer money damages in excess of $75,000, including but not limited to all costs and expenses occasioned by the investigation and defense" of the litigation that led to the present action.

Defendants state that "the resolution of the underlying action [for less than $75,000] constitutes the real reason plaintiff has filed a bad faith cause of action . . . . [and t]he only way to sustain jurisdiction in this Court is for the plaintiff to assert an extra-contractual claim in order to exceed the statutory maximum." Mem. in Supp. at 10. However, Defendants have not shown that Insituform's complaint "was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Colavito*, 438 F.3d at 221. Accordingly, the Court finds that it has subject matter jurisdiction in the present case under 28 U.S.C. § 1332.

SUFFICIENCY OF THE AMENDED COMPLAINT

Lastly, the Court turns to Defendants' argument that Insituform's complaint fails to state a claim upon which relief can be granted. Specifically, Defendants

11

maintain that Insituform's demand for declaratory judgment and claim for breach of contract should fail because Insituform was not an additional insured at the time of the accident alleged in the Lynch action. Defendants also argue that Insituform's claim for breach of the implied duty of good faith and fair dealing should be dismissed as duplicative of the breach of contract claim, and that Insituform's bad faith claim is insufficiently pled. The parties' briefs assume that New York law governs the claims in this dispute, and such implied consent is sufficient to establish choice of law. *Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 296 (2d Cir. 2000).

Legal Standard

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis omitted). For instance, an action must be dismissed under Rule 12(b)(6) "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss under Rule 12(b)(6), on the other hand, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where a plaintiff's factual allegations are "merely consistent with" a defendant's liability, those allegations "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) (citation and internal quotation marks omitted). Nevertheless, Rule 12(b)(6) does not impose a probability requirement: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Twombly*, 550 U.S. at 556 (citation omitted).

Declaratory Judgment and Breach of Contract

Insituform alleges that it is entitled to a declaratory judgment and damages for Defendants' breach of contract for Defendants' failure to defend Insituform in the Lynch action and the third-party action by NWMCC. FAC at ¶ 49–57. Defendants maintain, however, that Insituform has failed to show they were entitled to coverage as an additional insured under CMH's policy. Mem. in Supp. at 10. The Court finds that Insituform's amended complaint is adequately pled with regards to its demand for declaratory judgment and claim for breach of contract.

It is well-settled under New York law that an insurance company's duty to defend is broader than its duty to indemnify. *Auto. Ins. Co. of Hartford v. Cook*, 850

N.E.2d 1152, 1155 (N.Y. 2006). Indeed, the duty to defend is "exceedingly broad" and an insurer must provide a defense to an insured whenever the allegations of the complaint "suggest . . . a reasonable possibility of coverage." *Id.* (quoting *Continental Cas. Co. v. Rapid–American Corp.*, 609 N.E.2d 506 (N.Y. 1993)). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be." *Id.* (internal quotation marks and citation omitted). This duty remains even if the "facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered." *Fitzpatrick v. American Honda Motor Co.*, 575 N.E.2d 90 (N.Y. 1991).

Nevertheless, "the duty to defend derives, in the first instance, not from the complaint drafted by a third party, but rather from the insurer's own contract with the insured." *Fitzpatrick*, 575 N.E.2d at 93. "While the allegations in the complaint may provide the significant and usual touchstone for determining whether the insurer is contractually bound to provide a defense, the contract itself must always remain a primary point of reference." *Id.* (citations omitted). The Second Circuit has thoroughly outlined how an analysis of this issue is conducted under New York law:

> An insurer's duty to defend claims made against its policyholder is ordinarily ascertained by comparing the allegations of a complaint with the wording of the insurance contract . . . [T]he initial interpretation of a contract is a matter of law for the courts to decide . . . and if the wording on the duty to defend is clear and unambiguous, it will be enforced according to its terms . . . .

> At the same time, an insurer's duty to defend is limited absolutely by the scope of the coverage purchased . . . . If there is no legal or factual circumstance that could trigger the duty to indemnify against a claim, then there is no duty to defend against it . . . . Any ambiguity as to the insurer's duty to defend is resolved in favor of the insured.

*Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 144–45 (2d Cir. 2004) (citations and internal quotation marks omitted).

The first step in ascertaining whether Defendants had a duty to defend Insituform in the present case is to compare the terms of Defendants' policy with the allegations in the operative complaint Lynch action, of which Defendants were allegedly given notice in July 2018. The essential question is whether or not Insituform has adequately alleged that it was covered as an additional insured at the time of the alleged accident in the Lynch action.

The operative complaint in the Lynch action alleges that "on or about the 20th day of February, 2017, plaintiff [Lynch], while lawfully on the premises on or about 657 Colvin Avenue, in the Village of Kenmore, New York, was caused to fall, thereby sustaining serious personal injuries." Mot. to Dismiss (Ex. B), ¶ 14, Jul. 6, 2020, ECF 25-3. The complaint alleges that Lynch's injuries were caused by the negligence, lack of care, carelessness and recklessness of Kenmore and NWMCC, including their failure to properly maintain the premises in a reasonably safe condition, failure to inspect said premises, and creation of a hazardous condition. Mot. to Dismiss (Ex. B) at ¶ 15–17. Insituform, in its amended complaint in the present action, alleges that it had subcontracted with CMH to conduct sewer repairs at 657 Colvin Avenue, and

that in satisfaction of the requirements of that subcontract, CMH had procured insurance policies through Defendants that covered Insituform during a timeframe – May 1, 2016 to May 1, 2017 – that included the date of Lynch's alleged accident. *See* FAC at ¶ 34. In support of that allegation, Insituform also cited its subcontract with CMH, which required CMH to maintain in effect all insurance required under the subcontract "until the date of final payment, except for Products and Completed Operations coverage which shall be maintained for three years after final payment." FAC (Ex. A) at § 7.1.3. Given the "exceedingly broad" duty of the insurer to defend, as well as the requirement under New York law that any ambiguity be resolved in favor of the insured, the foregoing allegations support colorable claims for a declaration of Defendants' duty to defend Insituform, as well as Defendants' breach of contract.

Defendants maintain that Insituform has failed to show they were covered by Defendants' policy on the basis of affidavits Defendants' produced from CMH's principal and the supervising engineer of the project, as well as a "daily observation report" and photographs from the jobsite as evidence that CMH's work on Insituform's project was completed by December 21, 2016. Mot. to Dismiss (Exs. 8– 12), Jul. 6, 2020, ECF No. 25-8–25-12. Defendants also point to the language in CMH's policy, quoted above, to show that the Lynch action and the Third-party action "fall[] outside the scope of the additional insured endorsements in the policy." Mem. in Supp. at 11. That is, Defendants maintain this action should be dismissed because

Insituform was not an insured at the time of the incident alleged in the complaint in the Lynch action.

"The question of when facts extrinsic to a complaint may either prevent the attachment of a duty to defend or terminate that duty (at a subsequent date, by judicial decree) remains somewhat unclear under New York law." *City of New York v. Liberty Mut. Ins. Co.*, No. 15 CIV. 8220 (AJN), 2017 WL 4386363, at *12 (S.D.N.Y. Sept. 28, 2017) (citing *Stein v. N. Assur. Co. of Am.*, 617 Fed. Appx. 28, 31 n.4 (2d Cir. 2015)). Nevertheless, what is clear is that, under Federal law, the Court may not rely on matters outside of the complaint when deciding a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion . . . ." *Id.* at 153. The extrinsic evidence submitted by Defendants does not appear to be alleged or incorporated by reference in Lynch's complaint, the Third-party action by NWMCC against Insituform, or the amended complaint in this action.

Consequently, and taking no position with respect to the ultimate merits of Insituform's action, the Court finds that based on the pleadings properly before it, Insituform's demand for a declaratory judgment and claim for breach of contract survives Defendants' motion to dismiss. *See Liberty Mut. Fire Ins. Co. v. E.E. Cruz &*

*Co.*, 475 F. Supp. 2d 400, 405 (S.D.N.Y. 2007) ("It is therefore error to consider affidavits and exhibits submitted by defendants, or rel[y] on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss.") (internal quotation marks and citations omitted).

Breach of Implied Duty of Good Faith and Fair Dealing

Next, Insituform alleges that by failing to provide a defense, without excuse, for Insituform in the Lynch action and the third-party action, Defendants breached their duty of good faith and fair dealing implied in the insurance contract. FAC at ¶ 58–63. Defendants argue that this claim should be dismissed as duplicative of Insituform's breach of contract claim. Mem. in Sup. at 17–25.

Under New York law, parties to an express contract are bound by an implied duty of good faith and fair dealing. *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992) (citation omitted). The nature of this covenant is "an implied obligation to exercise good faith not to frustrate the contract which the parties had entered into." *Gross v. Neuman*, 53 A.D.2d 2, 5 (N.Y. App. Div. 1976). Hence, "[t]his covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement." *Aventine Inv. Mgmt., Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 514 (N.Y. App. Div. 1999). Nevertheless, New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of

contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

In the present case, Insituform's amended complaint alleges that Insituform "honored all of its duties and obligations to Defendants as an additional insured" on their policies, but that Defendants failed to provide a defense and indemnification to Insituform in the Lynch action and the third-party action. FAC at ¶ 58–63. After a thorough review of the pleadings, the Court finds that Insituform's claim of breach of the implied duty of good faith and fair dealing is based on the same set of facts upon which its breach of contract claim was based.[3]  Accordingly, the Court agrees with Defendants that Insituform's third cause of action should be dismissed.

Bad Faith

Lastly, Insituform alleges that "[d]espite prompt and repeated tenders by Insituform, Defendants, in bad faith and gross disregard for their obligations to their additional insured, have repeatedly failed and refused to honor their contractual obligations . . . to defend and indemnify Insituform." FAC at ¶ 68. Defendants argue that this claim of bad faith should be dismissed because it fails to satisfy the "heavy burden on plaintiffs seeking extra contractual damages premised on bad faith." Mem.

---

[3] Insituform argues that a claim for breach of the implied covenant of good faith and fair dealing may be brought in the alternative to a claim for breach of contract "where there is a dispute over the existence, scope, or enforceability of the putative contract." Mem. in Opp., Aug. 4, 2020, ECF No. 27 (quoting *Saggio v. Select Portfolio Servicing, Inc.*, No. 15-CV-04300 JG RER, 2015 WL 6760132, at *5 (E.D.N.Y. Nov. 5, 2015)). However, the Court finds the case relied upon by Plaintiff is inapposite. Should Plaintiff's breach of contract claim fail in the present case – i.e., should it be held that Plaintiff was not entitled to a defense under Defendants' policy – there is no alternative remedy from Defendants to which it would be entitled based on the facts alleged.

in Supp. at 17.

"[A] host of courts have held that there is no separate, generalized tort claim for bad faith denial of insurance in New York." *Nouveau Elevator Indus., Inc. v. Cont'l Cas. Ins. Co.*, No. 05–CV–0813(JFB)(RLM), 2006 WL 1720429, at *8 (E.D.N.Y. June 21, 2006). As the Second Circuit has stated, "there remains a strong presumption in New York against a finding of bad faith liability by an insurer." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624–25 (2d Cir. 2001) (citing *Sukup v. State*, 227 N.E.2d 842, 844 (N.Y. 1967). This presumption against bad faith liability can be rebutted only by evidence establishing that the insurer's refusal to defend was based on "more than an arguable difference of opinion" and exhibited "a gross disregard for its policy obligations." *Id.*

No such "gross disregard" for its policy obligations is alleged in the present case. Instead, Insituform relies upon the frequency and constancy with which Insituform itself attempted to tender its defense, rather than upon any affirmative conduct of Defendants, to show bad faith. FAC at ¶ 43, 64–70. On this basis, even viewing Insituform's factual contentions as true and construing all reasonable inferences in its favor, Insituform has not alleged conduct sufficient to rebut the general presumption against bad faith. *See, e.g., Polidoro v. Chubb Corp.*, 354 F. Supp.2d 349, 352 (S.D.N.Y. 2005) (citing *Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 634 N.E.2d 940 (N.Y. 1994) for the proposition that "the only way to recover damages for bad faith handling of insurance claims was if the complaint

20

asserted a claim of egregious tortious conduct directed at the insured claimant.").

CONCLUSION

For the foregoing reasons, it is hereby,

ORDERED that Defendants' motion to dismiss Plaintiff Insituform's first amended complaint [ECF No. 25] is granted with respect to Insituform's claims for breach of the implied duty of good faith and fair dealing, and bad faith; and it is further

ORDERED that Defendants' motion to dismiss Plaintiff Insituform's first amended complaint [ECF No. 25] is denied with respect to Insituform's demand for a declaratory judgment and claim of breach of contract; and it is further

ORDERED that Defendants file and serve an answer to Plaintiff Insituform's remaining claims on or before 30 days from the date of this order.

SO ORDERED.

Dated:      January 29, 2021
            Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge